IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**WESTFIELD INSURANCE COMPANY,**
**other Arco Enterprises, Inc.**

   **Plaintiff,**

**v.**       //  **CIVIL ACTION NO. 1:14CV55**
            **(Judge Keeley)**

**BRIDGESTONE AMERICAS TIRE**
**OPERATIONS, LLC,**
    **Defendant.**

ORDER DENYING DEFENDANT'S DAUBERT
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

After the plaintiff, Westfield Insurance Company ("Westfield"), disclosed the report and testimony of its proposed expert, Gary A. Derian ("Derian"), on October 20, 2014 (Dkt. No. 48 at 1, fn 1), the defendant,[1] Bridgestone Americas Tire Operations, LLC ("Bridgestone"), moved to exclude Derian's report and testimony pursuant to Fed. R. Evid. 702 (Dkt. No. 48).  For the reasons that follow, the Court **DENIES** the defendant's motion.

**I. INTRODUCTION**

On February 24, 2012, Hubert Pfeifer ("Pfeifer"), an employee of Arco Enterprises, Inc. ("Arco"), was driving a 2009 Peterbilt truck northbound on I-79 near Morgantown, West Virginia.  Suddenly, the left front tire on the truck failed and Pfeifer lost control of the truck, which traveled through the median, across traffic,

_____

[1] On May 2, 2014, the parties voluntarily dismissed Bridgestone Americas, Inc. from the case (Dkt. No. 11).

WESTFIELD V. BRIDGESTONE AMERICAS                    1:14CV55

ORDER DENYING DEFENDANT'S DAUBERT
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

through a guardrail, and into an embankment.  The faulty tire was identified as a Bridgestone M860 all-steel truck tire, manufactured in Morrison, Tennessee in 2008.

Westfield, Arco's insurer, filed suit in the Circuit Court of Monongalia County on August 11, 2014, alleging negligence, breach of warranty, and strict liability (Dkt. No. 1-1 at 6-11). Bridgestone was served on February 27, 2014, and filed its notice of removal on March 28, 2014 (Dkt. No. 1 at 3-4).  On April 21, 2014, Westfield filed an amended complaint, which Bridgestone answered on May 5, 2014. (Dkt. Nos. 8, 12).

Derian opines that an adhesion defect caused the belt plies in the tire to internally separate, eventually resulting in tread detachment (Dkt. No. 50-1 at 4).  When the tread detached, the belts also detached from the tire, which caused the carcass plies in the tire to come apart and lose air.  Id.  The left front tire then deflated, causing the truck to drag to the left.[2]  Id. Pfeifer was unable to control the truck, which veered off the road. Id.  Derian concluded that Bridgestone had manufactured the tire in

---

[2] Although the expert report states that the truck dragged to the right, Derian later stated in his deposition that the report contained a typographical error, and that the truck dragged to the left (Dkt. No. 50-5 at 4).

2

WESTFIELD V. BRIDGESTONE AMERICAS                    1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

a defective manner, that Arco and Pfeifer had not abused or misused the tire, and that there were no other potential causes of tire failure that were relevant.  <u>Id.</u> at 4, 8.

On November 24, 2014, Bridgestone filed this motion pursuant to <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579, 113 S.Ct. 2786 (1993), and <u>Kumho Tire Co. v. Carmichael</u>, 520 U.S. 137, 152 (1999), to exclude the testimony of Derian, a professional engineer (Dkt. No. 48).  Westfield responded to the motion on December 9, 2014, and the matter is now fully briefed and ready for disposition (Dkt. No. 50).[3]  Bridgestone challenges Derian's expert opinion as irrelevant and unreliable.  It also argues that Derian is unqualified to render his opinion.

## II. STANDARD

Under Fed. R. Evid. 702, an expert witness must be qualified by "knowledge, skill, experience, training, or education."  If that threshold is satisfied, the expert may offer testimony in the form of an opinion, but only if all of the following are true:

(a)  the expert's scientific, technical, or other specialized knowledge will help the trier of fact

---

[3] On December 16, 2014, Bridgestone filed a reply to the response to the <u>Daubert</u> motion (Dkt. No. 52).  As per the Court's scheduling order, however, "[n]o reply to the response shall be filed." (Dkt. No. 18 at 4).

3

**WESTFIELD V. BRIDGESTONE AMERICAS**                    **1:14CV55**

**ORDER DENYING DEFENDANT'S <u>DAUBERT</u>**
**MOTION TO EXCLUDE THE REPORT AND TESTIMONY**
**OF GARY A. DERIAN [DKT. NO. 48]**

to understand the evidence or to determine a fact in issue;

(b)   the testimony is based on sufficient facts or data;

(c)   the testimony is the product of reliable principles and methods; and

(d)   the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The current version of Rule 702, as amended in 2000 and 2011, reflects the Supreme Court's decision in <u>Daubert v. Merrell Dow Pharm., Inc.</u>, 509 U.S. 579 (1993), and its subsequent decision in <u>Kumho Tire Co. v. Carmichael</u>, 526 U.S. 137 (1999).  <u>See</u> Fed. R. Evid. 702 advisory committee's note.  Under <u>Daubert</u>, "the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue."  509 U.S. at 592; <u>see also</u> <u>Kumho</u>, 526 U.S. at 147 (extending <u>Daubert</u>'s application to "all expert testimony").

The mechanism by which courts perform this gatekeeping function is found in Fed. R. Evid. 104(a), which requires courts to decide "any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible."  The

4

WESTFIELD V. BRIDGESTONE AMERICAS                    1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

proponent of the testimony bears the burden of proving the expert's qualifications and the reliability of the opinions by a preponderance of the evidence. <u>See</u> <u>Daubert</u>, 509 U.S. at 592 n.10 (citing <u>Bourjaily v. United States</u>, 483 U.S. 171, 175-76 (1987)); <u>Cooper v. Smith & Nephew, Inc.</u>, 259 F.3d 194, 199 (4th Cir. 2001).

### III. DISCUSSION

Bridgestone's first argument focuses on Derian's qualifications, or lack thereof. (Dkt. No. 48 at 10). Next, it contends that Derian's tire defect theory is unreliable and that his opinion regarding defect is irrelevant. <u>Id.</u> at 13 and 17. Finally, it argues that Derian's accident causation opinion is neither reliable nor relevant. <u>Id.</u> at 18. The Court will address each of these arguments in turn.

### A.   Derian's Qualifications

Before considering Derian's qualifications, it is necessary to define the issues on which he intends to opine. <u>See</u> <u>Bombardiere v. Schlumberger Tech. Corp.</u>, 934 F. Supp. 2d 843, 846 (N.D.W. Va. 2013) ("An expert's qualification depends on 'the nature of the opinion he offers.'") (quoting <u>Gladhill v. Gen. Motors Corp.</u>, 743 F.2d 1049, 1052 (4th Cir. 1984)). In his report, Derian offers the opinion that Bridgestone's tire had an adhesion defect when it left

5

WESTFIELD V. BRIDGESTONE AMERICAS                            1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

the plant, evidenced by the tear patterns visible between the first belt ply and the tire carcass ply (Dkt. No. 50-1 at 8). According to Derian, that defect caused the tread and belts to separate and detach from the tire, which caused the truck to crash. <u>Id.</u> Derian also opines that Arco and Pfeifer did not abuse or misuse the tire, and that he had ruled out all other potential causes of the tire failure. <u>Id.</u>

Bridgestone challenges Derian's opinion, contending that "he has never designed an all steel truck tire or any component intended for use in an all steel truck tire" (Dkt. No. 48 at 10). Bridgestone argues that Derian's only experience with tires came from his employment at BF Goodrich nearly thirty years ago in a passenger tire design role. <u>Id.</u> at 11. Because Derian's opinion is based on the tear pattern of the rubber tire surface, Bridgestone contends that he "has no qualifications or experience to address microscopy issues and material science issues related to such tear patterns and the way such appearance can be scientifically categorized as defective or not . . . ." <u>Id.</u> at 13.

The Court must determine whether Derian is qualified to offer these opinions by way of his "knowledge, skill, experience, training, or education." <u>See</u> <u>Kopf v. Skyrm</u>, 993 F.2d 374, 377 (4th

WESTFIELD V. BRIDGESTONE AMERICAS                    1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

Cir. 1993) ("Inasmuch as the rule uses the disjunctive, a person may qualify to render expert testimony in any one of the five ways listed: knowledge, skill, experience, training, or education.").

Derian is a professional engineer, licensed in Ohio and North Carolina. He earned a Bachelor of Science degree in Mechanical Engineering from Case Western Reserve University (Dkt. No. 50-2 at 4). He holds four tire-related patents, and has published one paper on tires. <u>Id.</u> In his capacity as a tire engineer at BF Goodrich, he designed and developed "the first US built passenger tire capable of 170+ mph." <u>Id.</u> In his capacity as a consultant for the National Academy for Professional Driving, he "[p]erformed engineering consulting in the areas of tire testing, accident reconstruction, high performance engine systems and high performance suspension tuning." <u>Id.</u> at 3.

From 1987 to 1989, Derian was the Chief Engineer for Avanti Automotive Company, where he engineered and manufactured the Avanti automobile. <u>Id.</u> From 1989 until the present, Derian has worked as a consultant for various firms. In 2013, he opened his own Forensic and Automotive Engineering Consultant business. <u>Id.</u> He has "[a]nalyzed more than 5,000 field return tires . . . [d]esigned tire tread patterns for water drainage and handling stability . .

7

WESTFIELD V. BRIDGESTONE AMERICAS                    1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

. [d]irected designs and processes for tire cords and rubber
compounds . . . and experience[d] . . . all phases of tire
manufacture." <u>Id.</u>

For its part, Westfield argues that Derian "has spent the
majority of his life working with, designing, building and
analyzing tires . . . includ[ing] designing tires and analyzing
their failures for one of the Defendant's competitors . . . ."
(Dkt. No. 50 at 2). Westfield states that Derian, while at BF
Goodrich, was "involved" in tire testing "to test the adhesion
strength of tire plies." <u>Id.</u> at 5. It concludes that the Court
would be hard pressed to "imagine someone more qualified by
professional experience." <u>Id.</u> at 6.

Bridgestone's argument that Derian is unqualified to offer
opinions on the tire defect and the cause of the accident is
unpersuasive. Despite Bridgestone's attempt to characterize him as
unqualified because he did not personally work on this exact type
of tire or conduct adhesion testing, Derian's deposition testimony,
that he analyzed failed heavy truck tires during his time at BF
Goodrich, and was involved in adhesion testing of tire plies (Dkt.
No. 48-2 at 22-24, 39-40; Dkt. No. 48-5 at 7-8; Dkt. No. 50-3 at
14), is compelling evidence of his experience. <u>See</u> <u>Smith v.</u>

WESTFIELD V. BRIDGESTONE AMERICAS                    1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

<u>Uniroyal, Inc.</u>, 420 F.2d 438, 441-42 (7th Cir. 1970) (affirming district court's decision to allow expert witness who operated a garage and service station for 22 years, but who had no formal education in the causes of tire failure or specialized knowledge of the tire manufacturing process, to testify as to whether the tire was defective); <u>McCloud ex rel. Hall v. Goodyear Dunlop Tires North Am., Ltd.</u>, 479 F.Supp.2d 882, 888-89 (C.D. Ill. 2007) (allowing expert witnesses who were experts in tires in general and had limited experience with motorcycle tires to testify as to the defect in a motorcycle tire). Derian's experience at BF Goodrich, as well as an accident reconstruction consultant, is sufficient to qualify him as an expert in the area of the cause of the tire failure and accident.

**B. Reliability of Derian's Tire Defect Opinion**

Derian's opinions also must be reliable. <u>Daubert</u>, 509 U.S. at 589. The dispositive question, therefore, is "whether [Derian's reasoning] is supported by adequate validation to render it trustworthy." <u>Westberry v. Gislaved Gummi AB</u>, 178 F.3d 257, 260 (4th Cir. 1999). In evaluating reliability, courts typically assess five factors:

WESTFIELD V. BRIDGESTONE AMERICAS                    1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

> (1) whether the particular scientific theory "can be (and
> has been) tested"; (2) whether the theory "has been
> subjected to peer review and publication"; (3) the "known
> or potential rate of error"; (4) the "existence and
> maintenance of standards controlling the technique's
> operation"; and (5) whether the technique has achieved
> "general acceptance" in the relevant scientific or expert
> community.

<u>United States v. Crisp</u>, 324 F.3d 261, 266 (4th Cir. 2003) (quoting

<u>Daubert</u>, 509 U.S. at 593-94).

Bridgestone challenges Derian's methodology based on the
scientific method he employed to determine whether the tire was
defective (Dkt. No. 48 at 13).   Derian performed "a visual and
tactile inspection" of the tire and ruled out other potential
causes of tire failure (Dkt. No. 48 at 13; Dkt. No. 50 at 6).   He
did not, however, perform any other testing (Dkt. No. 48 at 13;
Dkt. No. 50 at 11).   In response, Westfield argues that Derian's
methodology is standard in the field, and was used by Bridgestone's
expert (Dkt. No. 50 at 11-12).

The Court first must determine whether the particular
scientific theory at issue has been-or can be-tested.   <u>Crisp</u>, 324
F.3d at 266.   The Court must also consider whether the theory
advanced by Derian has been subjected to peer review and
publication, the rate of error, if any, and the existence and

WESTFIELD V. BRIDGESTONE AMERICAS                       1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

maintenance of standards controlling the technique's operation.
<u>Id.</u>

In <u>Kumho Tire</u>, 526 U.S. at 153-54, the Supreme Court upheld
a district court's exclusion of an expert witness who had conducted
a visual inspection of a tire prior to concluding that a
manufacturing defect, rather than an external factor, caused an
accident despite punctures in the tire.

In doing so, the Supreme Court did not doubt "the
reasonableness in general of a tire expert's use of a visual and
tactile inspection to determine whether overdeflection had caused
the tire's tread to separate from its steel-belted carcass." <u>Id.</u>
at 153. What it found significant, however, was the expert's
opinion that the tire had not been abused despite the presence of
at least two signs of abuse. <u>Id.</u> at 154. The Supreme Court noted
other experts' use of the visual and tactile inspection method
before concluding that the general methodology was not in dispute.
<u>Id.</u> at 157 (citing Affidavit of H.R. Baumgardner 1-2, cited in
Brief for National Academy of Forensic Engineers as <u>Amicus Curiae</u>
16 (Tire engineers rely on visual examination and process of
elimination to analyze experimental test tires)). "[T]he question
before the trial court was specific, not general." <u>Id.</u>

WESTFIELD V. BRIDGESTONE AMERICAS                    1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

Here, Derian's methodology can be–and has been–peer reviewed. He has discussed peer-reviewed literature stating that a visual inspection of tear patterns in rubber surfaces can provide valuable information about the cause of failure.[4]  Derian states that he followed the methodology described in the literature to visually observe the surface of the failed tire, which he then compared to the surface of a "normal" product appearance (Dkt. No. 50 at 15). <u>Morris v. Goodyear Tire and Rubber Co.</u>, 2004 WL 5522851 at *6 (W.D. Okla. Dec. 17, 2004) (unreported) (permitting expert tire witness to testify and stating that methodology of visually and tactically inspecting the tire, and reviewing accident report and technical material was reliable).

Finally, the Court must consider whether the methodology Derian utilized has achieved general acceptance in the relevant community.  <u>Crisp</u>, 324 F.3d at 266.  In that regard, it is significant that Bridgestone's expert also utilized a visual and tactile inspection to render his opinion (Dkt. No. 48-4 at 3, 5-8). <u>See</u> <u>Cunningham v. Michelin North Am. Inc.</u>, 2006 WL 5499281 at *4 (W.D. Tenn. Aug. 17, 2006 (unreported) (accepting that visual

---

[4] <u>See</u> Dkt. No. 50 at 12; Dkt. No. 48 at 16 (discussing <u>The Failure Analyst and Rubber Product Surfaces</u> by Ronald W. Smith).

WESTFIELD V. BRIDGESTONE AMERICAS                    1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

inspection of a failed tire is an accepted methodology and noting
as significant that the defendants' tire expert utilized the same
methodology as the plaintiffs' expert).   The fact that two tire
experts who utilized the same method disagree does not render the
first tire expert's opinion inadmissible; it is merely "grist for
the jury."   <u>See</u> <u>Carroll v. Morgan</u>, 17 F.3d 787, 790 (5th Cir.
1994).   Therefore, the Court declines to exclude Derian's opinion
based on his principles and methodology.

C.   **Relevancy of Derian's Tire Defect Opinion**

Bridgestone next argues that Derian's tire defect opinion is
irrelevant because it is not based on scientific methodology and is
devoid of evidence to support the potential causes of a defect
(Dkt. No. 48 at 18).   Therefore, it asserts that Derian cannot
assist the trier of fact in determining the cause of the tire
failure.   <u>Id.</u> Westfield counters that Derian's opinion on the lack
of adhesion in the tire is relevant, and is based on his education,
experience, and research (Dkt. No. 50 at 16).

The relevancy of Derian's opinion is subject to analysis under
the same standard used to assess the reliability of his opinion.
<u>Crisp</u>, 324 F.3d at 265-66.   Bridgestone's contention that Derian's
opinion is irrelevant based on methodology is essentially the same

13

WESTFIELD V. BRIDGESTONE AMERICAS                     1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

argument discussed earlier in this opinion, and the Court need not
address it again.

As for Bridgestone's argument that Derian did not provide
sufficient evidence to support his opinion that the tire is
defective, the Court disagrees.  In <u>Daubert</u>, the Supreme Court
noted that cross-examination, presentation of evidence, and jury
instructions "are the traditional and appropriate means of
attacking shaky but admissible evidence."  509 U.S. at 596, 113
S.Ct. at 2786.  Therefore, even if the Court allows Derian to
opine, "summary judgment might be warranted if a party has still
failed to present sufficient evidence to get to the jury."  <u>Id.</u>

In his report, Derian describes, in detail the processes he
used to rule out road hazard, age, speed, wear, overloading, and
underinflation as potential causes of the tire failure (Dkt. No.
50-1 at 6-8).  After ruling out all other potential causes of tire
failure, he concluded that a weak rubber to rubber bond caused an
internal separation in the tire, leading to the accident (Dkt. No.
50-1 at 8). In the Court's view, Derian has sufficiently described
the process he used to rule out other potential causes of tire
failure.  His testimony therefore will aid the jury and should not
be excluded as irrelevant.

14

WESTFIELD V. BRIDGESTONE AMERICAS                    1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

D. **Relevancy and Reliability of Derian's Accident Causation Opinion**

Derian opines that the tire separation and detachment caused a sudden air loss, and that the loss of tire pressure in the left steer tire caused the truck to pull to the left, that the front side of the truck veered to the left, and that the driver was unable to keep it on the road (Dkt. No. 50 at 17; Dkt. No. 50-5 at 4).

Bridgestone contends that Derian's opinion that tire failure caused the accident "is classic <u>ipse dixit</u>, which should fail as a matter of law." (Dkt. No. 48 at 18). According to Bridgestone, Derian "provided no proof other than his say-so that if a tire is disabled, the driver often loses control of the vehicle." <u>Id.</u> Derian did not engage in accident reconstruction or visit the accident scene. <u>Id.</u>

The Federal Rules of Evidence do not require a district court "to admit opinion evidence that is connected to existing data only by the <u>ipse dixit</u> of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." <u>General Elec. Co. v. Joiner</u>, 522 U.S. 136,

15

WESTFIELD V. BRIDGESTONE AMERICAS                    1:14CV55

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

146, 118 S.Ct. 512, 512 (1997).  Here, Derian's opinion toes the
line between admissibility and inadmissibility.

He bases his opinion that the truck lost control and veered to
the left partly on "the evidence that, on the tire itself, I could
tell it had been run flat . . . I think it's reasonable that it
lost its air in the northbound lane, which caused the drag to the
left and made [Pfeifer] lose control."  (Dkt. No. 48-2 at 37).
Despite Derian's opinion, he doesn't "have any photographic proof
of that on the highway . . ." and admits that, generally, only a
small percentage of tire failures result in an accident.  <u>Id.</u> at
38.

Derian also bases his opinion on his experience in accident
reconstruction, his review of the police accident report, an
interview with Pfeifer, Pfeifer's deposition, and photographs of
the accident scene (Dkt. No. 50 at 17).  <u>See</u> <u>Lappe v. Am. Honda
Motor Co., Inc.</u>, 857 F.Supp. 222, 227-28 (N.D.N.Y. 1994) (finding
a sufficient basis for expert's opinion that vehicle was designed
defectively when the expert examined accident reports, owner's
manuals, the accident site, transcripts of witness depositions,
photos of the accident scene, and police reports, and noting that
the fact that the expert "may have neglected to perform some

16

**WESTFIELD V. BRIDGESTONE AMERICAS**                    **1:14CV55**

ORDER DENYING DEFENDANT'S <u>DAUBERT</u>
MOTION TO EXCLUDE THE REPORT AND TESTIMONY
OF GARY A. DERIAN [DKT. NO. 48]

'essential' tests or measurements will go to the weight of his testimony, not to its admissibility."). Although Derian's opinion borders the line between admissibility and inadmissibility, the Court's role as gatekeeper is to keep out unreliable evidence that could prejudice the jury, not to weigh the evidence. <u>Kumho Tire</u>, 526 U.S. at 147; <u>Smith v. Wyeth-Ayerst Lab. Co.</u>, 278 F.Supp.2d 674, 695 (W.D.N.C. 2003) (stating that the defendant "improperly asks the Court to weigh the evidence here"). Therefore, it declines to exclude Derian's accident causation opinion.

### IV. CONCLUSION

After consideration of all the circumstances, to deny the jury the opportunity to weigh the credibility of Derian's testimony would be an overreach. Therefore, for the reasons discussed, the Court **DENIES** Bridgestone's motion to exclude Derian's testimony.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this order to counsel of record.

DATED: December 18, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

17